UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENQUA LASHAE SMITH,

        Plaintiff,                    Case No. 1:14-cv-666

v.                                       Honorable Paul L. Maloney

PAULA J.M. MANDERFIELD,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed.

**Factual Allegations**

Plaintiff Kenqua LaShae Smith is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility, though the events about which he complains occurred while he was incarcerated at the Charles Egeler Reception & Guidance Center (RGC), the Macomb County Correctional Facility (MRF), and the Ingham County Jail (ICJ). He sues Honorable Paula J.M. Manderfield, a judge for the Ingham County Circuit Court.

According to the complaint, in September 2006, while Plaintiff was being held in the ICJ on an assault charge, he was served with a complaint for an action brought against him in Ingham County Circuit Court, *Flowers v. Smith*, case no. 06-1316-NV. Defendant Manderfield is the judge who presided over that case. Plaintiff subsequently pleaded guilty to the assault charge and was transferred to the custody of the MDOC in October 2006. In November 2006, Plaintiff was ordered to appear for a hearing in the *Flowers* case. Around the same time, he was transferred from RGC to MRF. Plaintiff asserts that he was not able to appear for any of the proceedings in the *Flowers* case, and that Judge Manderfield should have notified officials at MRF that Plaintiff was required to appear, or appointed counsel to appear on Plaintiff's behalf. Instead, on November 30, 2006, Defendant entered a default judgment against Plaintiff due to his failure to appear, with damages and costs assessed against Plaintiff. On August 10, 2007, Defendant entered another judgment against Plaintiff for accrued interest and post-judgment costs.

Plaintiff claims that, by entering judgment against him in these circumstances, Defendant deprived him of due process. As relief, Plaintiff asks this Court to reverse the state court's judgments.

**Discussion**

Plaintiff's claim is barred by the *Rooker-Feldman* doctrine, which is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). That statute is designed to prohibit end-runs around state court judgments that might occur when parties go to federal court seeking review of a state-court decision. To accomplish this, the statute states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ." 28 U.S.C. § 1257(a). "The *Rooker-Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005), the Supreme Court clarified the scope of the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. Since *Exxon*, the Sixth Circuit has held that the pertinent inquiry is the "source of the injury" upon which the plaintiff bases his federal claim:

> The inquiry [focuses on] the *source of the injury* the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker -Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (emphasis added).

Under the foregoing analysis, Plaintiff's claim falls within the scope of the *Rooker-Feldman* doctrine. He claims that a state-court judgment was entered against him without due process. As relief, he asks this Court to overturn that judgment. In other words, he is clearly a "state-court loser" inviting "review and rejection" of a state-court judgment against him. *See Exxon*, 544 U.S. at 284; *see also Feldman*, 460 U.S. at 486 (holding that district courts do not have jurisdiction over challenges alleging that the state court's action was unconstitutional). Moreover, his claim focuses on the actions of the judge presiding over his case, rather than the actions of a third party. As the Sixth Circuit has held, such a claim "directly implicates *Rooker-Feldman* concerns." *See Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (holding that a claim against a state-court judge was barred by *Rooker-Feldman*). Therefore, under the *Rooker-Feldman* doctrine, the Court may not exercise jurisdiction over Plaintiff's claim.

A claim barred by the *Rooker–Feldman* doctrine is legally frivolous, *see Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994), and dismissal of the claim qualifies as a dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), *see Parker v. Phillips*, 27 F. App'x 491, 493-94 (6th Cir. 2001) (holding action to be frivolous under § 1915(e) where one ground for dismissal is *Rooker–Feldman*); *Carlock v. Williams*, No. 98–5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because the Court lacks jurisdiction over the matter.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 16, 2014              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge